IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EDWARD C. HUGLER, | : | |
| ACTING SECRETARY OF LABOR, | : | |
| UNITED STATES DEPARTMENT OF LABOR, | : | |
| Plaintiff, | : | Civil Action No. |
| V. | : | Case No. 4:16-CV-1512 |
| BRISTOL EXCAVATING, INC., and | : | |
| CALVIN BRISTOL, individually and as owner of | : | |
| BRISTOL EXCAVATING, INC. | : | |
| Defendants | : | |

_____

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT

This is a case where a contractor agreed to supply labor and materials to a customer, which, in its own discretion, elected to pay bonuses to the contractor's employees for their performance of work. The bonus was paid to induce the contractor's employees to complete their work more quickly. The contractor was paid a daily rate, and the bonus program actually diminished the income received by the contractor from his customer. The Plaintiff asserts that the contractor should have included the amount of the bonuses when calculating his employees

regular rate of pay for purposes of calculating overtime wages under the Fair Labor Standards Act (hereinafter "FLSA"). The undersigned counsel has been unable to find a case on point that would dictate that the contractor must include the bonuses in calculating his employee's regular rate of pay. Plaintiff's counsel, an attorney employed by the Department of Labor has represented that she knows of no case on point as well. Consequently, this is apparently a case of first impression.

Bristol Excavating, Inc. (hereinafter "Bristol Inc.") is the employer of the mix off personnel who worked on well sites being drilled for natural gas by Talisman Energy, U.S.A. (hereinafter "Talisman"), and Bristol Inc. is an "Employer" as defined and contemplated by 29 U.S.C. §203 (d). Consequently, overtime wages paid to Bristol Inc. mix off employees working at those well sites must be paid in accord with the terms of the FLSA. The act requires that those employees be paid one and one half times their regular rate of pay as defined by the FLSA for all hours worked in a week in excess of forty hours. 29 U.S.C. §207 (a)

At 29 U.S.C. §207 (e), the FLSA tells the employer how to determine "regular rate" of pay. There, the Act states; "As used in this section the 'regular rate' at which an employee is employed shall be deemed to include all

remuneration for employment paid to, or on behalf of the employee . . .". Here, Bristol Inc. considered all the remuneration that it paid to its mix off employees (commonly $17.00 per hour to $19.00 per hour) as the employee's regular rate. The company, and apparently its accounting firm LaBarr & LaBarr, did not deem the Talisman bonuses as "remuneration for employment" by Bristol Inc.

It might be argued that the Talisman bonuses paid to the mix off employees were made "on behalf of" the employees. This would be a misconstruction, because they were not paid "in remuneration for employment" with Bristol. Certainly, Bristol Inc. assisted the mix off personnel to get the Talisman bonuses. However, Talisman did not employ Bristol Inc.'s mix off personnel, and Talisman calculated those bonuses to advance its own interests which were not entirely in line with the interests of Bristol Inc.

Certainly, everyone involved with drilling for natural gas has an interest in seeing that the business proceeds safely. Bristol Inc. has its own safety program and holds its own safety meetings with its employees. *See* Pl.'s Mot. Summ. J. Ex. A, ppg.60-62 However, it is Talisman that profits from finishing a hole faster than expected. The speed factor reduces the amount paid to contractors like Bristol Inc. who are paid for each day that its employees are working at the drill site. In such instances, Bristol Inc.'s customer and employees profit at the expense of the

employer. Nevertheless, Bristol Inc. took steps to assure that its mix off employees profited from the Talisman bonus program. This resulted in thousands of dollars of extra income for the mix off employees. *See* Pl.'s Mot. Summ. J. Ex. A; Dep. Ex. 2;  Pl.'s Mot. Summ. J. Ex. B, ppg.20-21, 40-52; Dep. Ex. 3

To say that Bristol Inc. must also include the Talisman bonuses in calculating a regular rate of pay for purposes of paying overtime wages would be poor public policy and contrary to the express terms of the Act. It would be poor policy because it might deter employers from assisting their employees to obtain this extra bonus money. Office managers like Krystle Bristol, knowing full well that such a bonus program was not part of the employer's contract with Talisman, might simply elect to not assist the employees to obtain the bonuses. After all, the bonuses would drive up the payroll, with no concurrent benefit to the employer.

Alternatively, employers like Bristol Inc. might begin to demand that contracts with customers like Talisman specifically provide that no such bonuses be paid to their employees. This would deprive employees of contractors like Bristol Inc. an opportunity to obtain the benefit of these bonuses.

Holding that the bonuses should be considered in determining regular rate of pay would be contrary to the FLSA. The payments from Talisman were not payments or remuneration for employment. Talisman is not an employer of those personnel. The mix off personnel were employees of Bristol Inc. Calvin Bristol,

president and sole owner of Bristol Inc. hired, fired and set the mix off salary of each employee. Talisman took no part in such decisions.

|  |  |
|---|---|
| Date: March 24, 2017 | Respectfully Submitted,<br>BRANN, WILLIAMS, CALDWELL & SHEETZ<br>Harold G. Caldwell, Esq.<br>PA I. D. No. 23953<br>1090 West Main Street<br>Troy, PA 16947<br>Phone 570-297-2192<br>Facsimile 570-297-4010<br>E-mail lynnetteturner@bwcs-law.com<br>Attorney for Defendants |