# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD C. HUGLER, ACTING SECRETARY OF LABOR UNITED STATES DEPARTMENT OF LABOR, Plaintiff, v. BRISTOL EXCAVATING, INC. and CALVIN BRISTOL, individually and as owner of BRISTOL EXCAVATING, Defendants. | Civil Action No. 4:16-CV-1512 |

**PLAINTIFF'S REPLY TO DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Edward C. Hugler, Acting Secretary of Labor, U.S. Department of Labor ("Plaintiff") submits this brief in reply to Defendants' Brief in Opposition to Plaintiff's Motion for Summary Judgment and in Favor of Defendants' Motion for Summary Judgment (ECF No. 27) (hereinafter, "Defendants' Response Brief"). The majority of Defendants' arguments are addressed in the Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment (ECF No. 21) and Plaintiff's Response in Opposition to Defendants' Motion for Summary Judgment (ECF No. 26). This brief will address new arguments raised for the first time in Defendants' Response Brief.

### I. The Mix-off operators' bonuses are not excludable under Section 7(e)(2).

Defendants now argue that the Mix-off operators' bonuses are similar to "payments made for occasional periods when no work is performed due to vacation, holiday, illness, failure of the employer to provide sufficient work, or other similar cause." Defs.' Resp. Br. at 9. Yet there is no evidence in the record that supports such comparison. *Id*. at 9-12 (failing to cite any part of the record supporting this argument). In fact, the record shows that the bonuses earned by the Mix-off operators were tied to periods where they performed work for a particular hole. McNeal Dep. 29:7-9 (noting that AFE and pacesetter bonuses were awarded to Mix-off operators who worked on that particular hole); McNeal Dep. 29:9-15 (acknowledging that safety bonuses were awarded to Mix-off operators who worked on a particular hole for the number of days they were on the hole); McNeal Dep. 29:14-17 (acknowledging that Defendants would review Mix-off operators' timecards when preparing invoice for bonuses to be awarded); Pl.'s Mot. Summ. J. Ex. H (Defendants' records tying the bonus amounts to corresponding dates each Mix-off operator worked at the hole for which qualified for the bonus). Defendants have admitted that Defendants would track the bonus payments by noting the exact pad and hole each Mix-off operator worked on and the amount in bonus he received for such hole. Defs' Resp. to Pl.'s Statement of Material Facts ¶ 24.

The fact that the Mix-off operators' bonuses are directly tied to periods when the Mix-off operator worked on a hole for which their work qualified for a bonus distinguishes this case from the Third Circuit and Sixth Circuit decisions holding that payments not tied to hours worked are excludable. Defs.' Resp. Br. at 10-12 (citing *Minizza v. Stone Container Corp.*, 842 F.2d 1456 (3d Cir. 1988); *Featsent v. City of Youngstown*, 70 F.3d 900 (6th Cir. 1995)). The payments in *Minizza* were occasional lump-sum payments that were included in the terms of a collective bargaining agreement. *Minizza,* 842 F.2d at 1458. In *Minizza* the employees were entitled to the lump-sum payments only for achieving "status of an active employee for a specified period of time prior to receipt" without regard to the hours the employee worked. *Id.* at 1461. Under those terms the employee could have used leave and not worked during that specified period of time and still received the payment if they had "active" employee status. *See id*. The *Minizza* facts differ from the case at hand where the Mix-off operators must actually work in the hole that qualified for the bonus to earn the bonus payment. McNeal Dep. 29: 7-17. The payments in question in *Featsent* also differ greatly from the Mix-off operators' bonuses because in *Featsent* the payments were for unused sick-leave. *Featsent*, 70 F.3d at 902-04 (holding that unused sick-leave buybacks are not compensation for services or hours of services).

Moreover, both *Minizza* and *Featsent* rulings offer arguments in favor of including the Mix-off operators' bonuses in the regular rate. In *Minizza*, the Third Circuit clearly states that if "payments were made as compensation for hours worked or services provided" then the payments would have been conditioned on hours worked and the payment would have been included in the regular rate. 842 F.2d at 1462 (observing that these payments were not substantively characterized as bonuses); *see also Featsent*, 70 F.3d at 905 ("these payments unrelated to the police officers' compensation for services and hours of service… may be excluded from the regular rate"). The Sixth Circuit also notes that payments that compensate for employees' service to the employer do not fall within the Section 7(e)(2) exception and must be included in the regular rate. *Featsent*, 70 F.3d at 905. The Mix-off operators' bonuses are compensation for services as they are tied to how safely and efficiently they performed their work on a particular hole; thus, the Mix-off operators' bonuses do not fall under Section 7(e)(2) exception and must be included in the regular rate.

**II. The Mix-off Operators' bonuses were performance based and were announced to induce the Mix-off Operators to work more efficiently.**

Bonuses which "are announced to employees to induce them to work more steadily or more rapidly or more efficiently… are regarded as part of the regular rate of pay." 29 C.F.R. § 778.211(c). Group production bonuses and "bonuses for

4

quality and accuracy of work" are also included in the regular rate. *Id*; *See also* Field Operations Handbook (FOH) ¶ 32c00(b), *available at* https://www.dol.gov/whd/FOH/FOH_Ch32.pdf. (listing "production bonuses" and "bonuses which are paid for performing work in less than an established standard time" as bonuses included in the regular rate). Defendants offer no argument or evidence to rebut that the Mix-off operators' bonuses are based on their performance to work efficiently and safely. *See* ECF No. 27-1 Defs' Resp. to Pl.'s Statement of Material Facts ¶¶ 17, 23 (admitting that the bonuses were to incentivize the Mix-off operators' to work safely and efficiently).

Defendants also offer no evidence to rebut that the Mix-off operators knew about the bonuses and their terms before they worked on a hole for which they received a bonus payment. Instead, Defendants erroneously focus on whether the Mix-off operators knew about the bonuses before they were employed by Defendants. The determination of whether a bonus is discretionary is not contingent upon the employee's knowledge of the bonus in relation to his or her employment start date but instead on whether the employee knew of the bonus before performing the services which qualified him for the bonus payment. For a bonus to be excluded, the statute requires the employer to retain discretion "at or near the end of the period" in which services are performed. 29 U.S.C. § 207(e)(3). *Nowhere* in the statute does it say that employer must retain discretion

only until the employee is hired. *See* 29 U.S.C. § 207(e)(3). *See also Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 391 (1960); *Davis v. Mountaire Farms, Inc.*, 453 F.3d 554, 556 (3d Cir. 2006) (recognizing the established "rule" that FLSA exemptions are to be narrowly construed against the employer"); *Herman v. Anderson Floor Co.*, 11 F. Supp.2d 1038, 1042 (E.D. Wisc. 1998) (imposing burden on employer to show that the exemption in Section 7(e)(3) applies). Thus, the fact that employees did not know about the bonuses prior to starting with Bristol Inc. is irrelevant, especially because it was only after the Mix-off operators were already employed that Defendants arranged for the bonuses. *See* Krystle Bristol Dep. 5:13-24, 8:25 – 10:21 (the Mix-off operators were already working for Bristol Inc. before Krystle Bristol set up the bonus). What is relevant is that after Defendant's business manager Krystle Bristol arranged for the bonus she met with the Mix-off operators to go over the requirements of such bonuses. *Id*. Additionally, it was only after Krystle Bristol went over the requirements with the Mix-off operators that the Mix-off operators started receiving the bonus payments. Krystle Bristol Dep. 10:9-21. Most significantly, the Mix-off operators knew about bonuses and the terms of the bonuses before they performed the work on the hole that could result in a bonus payment. Long Dep. 10:17 – 11:2; Rockwell Dep. 12:23 – 13:9, 18:1 – 19:10; Tillotson Dep. 8:23 – 9:22.

For all the reasons set forth above and in Plaintiff's Summary Judgment Brief, Plaintiff respectfully requests that this Court deny Defendants' Motion for Summary Judgment, grant Plaintiff's Motion for Summary Judgment and find that: (1) Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207; (2) Defendant Calvin Bristol is an employer under Section 3(d) of the Act, 29 U.S.C. § 203(d), and therefore individually liable for the violations along with Bristol Inc.; (3) the amount of back wages due to the affected employer is $8,000.87; (4) Defendants' are liable for an additional equal amount in liquidated damages under 29 U.S.C. § 216(b); and (5) Defendants' violations warrant injunctive relief.

Respectfully submitted,

Nicholas C. Geale
Acting Solicitor of Labor

Oscar L. Hampton III
Regional Solicitor

*/s/ Bertha M. Astorga*
Bertha M. Astorga
Attorney, PA Bar # 320644
Office of the Solicitor
Suite 630E, The Curtis Center
170 S. Independence Mall West
Philadelphia, PA 19106-3306
(215) 861-5126
(215) 861-5162 (fax)
Astorga.Bertha.M@dol.gov
